**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

MARIA GOMEZ and ANAYANZY PATINO
FERREYRA,

                Plaintiffs,

                v.

SURESH & SOORAJ CORP. dba EXPRESS
DELI and SURESH NAIR,

                Defendants.

**COMPLAINT**

---

## PRELIMINARY STATEMENT

1.      Plaintiffs Maria Gomez ("Ms. Gomez") and Anayanzy Patino Ferreyra ("Ms. Ferreyra") were employed in defendants' delicatessen. Plaintiffs worked hard for Defendants, regularly putting in over 40 hours in a week, but were never paid overtime and were not consistently paid the minimum wage.

2.      Plaintiffs were under surveillance whenever they were working, with Defendant Nair constantly watching them through a camera mounted on the wall that streamed video to his phone.  When Defendant Nair found out through his video surveillance that plaintiffs spoke to a Department of Labor investigator who came to the deli to investigate a complaint, they were fired in retaliation.

3.      Plaintiffs bring this lawsuit against defendants in order to enforce their rights to be properly and lawfully paid under the New York Labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA").

4.      Plaintiffs further bring this lawsuit to enforce their rights to complain about violations of the law without facing retaliation.

5.     Plaintiffs further seek to vindicate their rights under NYLL to receive the legally-required wage notices of their pay rates and pay stub information with their wages.

## I.     JURISDICTION AND VENUE

6.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

7.     The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim.

8.     Plaintiffs' state law claims are so closely related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts of which give rise to plaintiff's claims occurred in New Rochelle, Westchester County, New York, in this District.

## II.     PARTIES

### A.  Plaintiffs

10.     Ms. Gomez is an adult individual who currently resides in New Rochelle, New York.

11.     Ms. Gomez began working for defendants in July, 2011 and continued to work for them until she was fired on August 3, 2016.

12.     At all times relevant to this action, Ms. Gomez was an "employee" of defendant as defined in NYLL § 190(2) and 12 NYCRR §§ 142-2.14, 146-3.2.

13.     Ms. Ferreyra is an adult individual who currently resides in New Rochelle, New York.

14.     Ms. Ferreyra began working for defendants in June 2014, and continued to work for them until she was fired on August 3, 2016.

15.     At all times relevant to this action, Ms. Ferreyra was an "employee" of defendant as defined in NYLL § 190(2) and 12 NYCRR §§ 142-2.14, 146-3.2.

**B.  Defendant**

16.     Express Deli is a delicatessen located at 330 Huguenot Street, New Rochelle, NY 10801.

17.     Suresh & Sooraj Corp. is a domestic business corporation that was formed in September 2002 under the corporation laws of the state of New York.

18.     Upon information and belief, Suresh Nair is the owner of Express Deli.

19.     Upon information and belief, Express Deli has engaged and continues to engage in interstate commerce within the meaning of the FLSA at all times relevant herein, in that it: (i) has had and continues to have an annual gross volume of sales of not less than $500,000 at all times relevant to this action; and (ii) has had and continues to have employees working with goods and materials that have been shipped into this state from other states.

20.      At all relevant times, defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21.     At all times relevant to this action, defendant was an "employer" and "employed" plaintiff as defined by 29 U.S.C. § 203(d), NYLL §§ 2(6), 190(3) and 651(6).

**IV.    FACTS**

22.     Ms. Ferreyra's duties at Express Deli included working behind the deli counters, stocking shelves, and performing other tasks necessary to the operation of the deli.

23.     Ms. Gomez was a manager at Express Deli whose job duties included those performed by Ms. Ferreyra as well as operating the cash register.

24.     Defendants agreed to pay plaintiffs an hourly wage.

25.     Defendants paid Ms. Ferreyra less than the minimum hourly wage required by the NYLL, which was $9.00 per hour in 2016 and $8.75 per hour in 2015.

26.     At all times relevant to this action, plaintiffs were regularly scheduled by defendant to work more than 40 hours per week, working on average approximately 45-56 hours per week.

27.     Plaintiffs did not receive one and one-half times their hourly rate for hours they worked in excess of 40 in a week.

28.     Plaintiffs were required to arrive at Express Deli 30 minutes before their scheduled start time and to stay 20 minutes after their scheduled end time, but they received no pay for this extra time.

29.     Plaintiffs did not receive at the time of hiring or any subsequent time a wage notice in Spanish,  the plaintiffs' primary language, containing information outlined in NYLL § 195(1), including information such as the rate of pay.

30.     Plaintiffs did not receive weekly wage stubs or statements containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

31.     On August 3, 2016, an investigator from the New York State Department of Labor came to Express Deli to investigate a complaint made by another employee.

32.     The investigator asked Ms. Gomez and Ms. Ferreyra questions about whether the proper Department of Labor postings were on display at the deli, and plaintiffs answered the questions.

33.     Defendant Nair was aware that plaintiffs had spoken with the investigator because he monitored the deli and his employees through a camera mounted to the wall that streamed video to his phone.

34.     About an hour after plaintiffs spoke with the investigator, Defendant Nair arrived at the deli irate and fired them in retaliation.

## FIRST CAUSE OF ACTION
### NYLL – Minimum Wage Violations

35.     Pursuant to NYLL §652 , defendants were required to pay plaintiffs a minimum wage at a rate not less than $8.75 per hour for work performed in 2015, and not less than $9.00 per hour for work performed in 2016.

36.     Pursuant to NYLL §663(3), a six-year statute of limitations applies.

37.     As a result of the foregoing, Ms. Ferreyra has been deprived of compensation at the minimum wage in an amount to be determined at trial, and is entitled to recovery of such amount, liquidated damages, attorney's fees, costs, and other compensation pursuant to NYLL §663(1).

38.     Defendants' violation of the NYLL was intentional and willful.  Defendants knew or should have known that the practices described above were unlawful.

39.     Defendants failed to make a good faith effort to comply with New York wage and hour laws.

## SECOND CAUSE OF ACTION
### FLSA – Federal Overtime Compensation Violations

40.       Pursuant to 29 U.SC. § 207(a)(1), defendants were required to pay plaintiffs overtime compensation at not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

41.       Defendant willfully, regularly and repeatedly failed to pay plaintiffs the appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as required by 29 U.S.C. § 207(a)(1).

42.       As a result of defendants' unlawful acts, plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, an additional equal amount as liquidated damages, reasonable attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

43.       Defendants' violation of the FLSA was intentional and willful.  Defendants knew or should have known that the practices described above were unlawful.

44.       Defendants failed to make a good faith effort to comply with federal wage laws.

## THIRD CAUSE OF ACTION

### NYLL Article 19 – Overtime Compensation Violations

45.       Defendants have failed to pay plaintiffs overtime wages to which they are entitled under the NYLL Article 19 § 650 *et seq*., and the supporting New York State Department of Labor Regulations.

46.       Defendants failed to pay plaintiffs overtime at a wage rate of one and one-half times their regular rate of pay.

47.       Defendants failed to keep, make, preserve, maintain, and furnish accurate records

of time worked by plaintiff.

48.     Defendants' violations of the NYLL have been willful and intentional.

49.     Due to defendants' NYLL violations, plaintiffs are entitled to recover from defendants unpaid overtime, liquidated damages, reasonable attorney's fees, costs, and pre-judgment and post-judgment interest.

50.     Defendants' violation of NYLL was intentional and willful.  Defendants knew or should have known that the practices described above were unlawful.

51.     Defendant failed to make a good faith effort to comply with state wage laws.

### FOURTH CAUSE OF ACTION
**NYLL- Notice and record-keeping requirements**

52.     Defendants failed to make, keep, and preserve accurate records with respect to plaintiffs, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq*., and supporting regulations.

53.     Defendants failed to provide plaintiffs with a wage notice in English and the employees' primary language (in this case, Spanish) at the time of hiring, containing information outlined in NYLL § 195(1), including information such as the employees' rate of pay and any allowances claimed as part of the minimum wage.

54.     Defendants failed to provide plaintiffs  with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the dates worked, number of regular and overtime hours worked, and rate of pay.

55.     As a result of defendant's violations of NYLL § 195(1) and (3), plaintiffs are entitled to recover damages of 50 dollars for each day defendant failed to provide the employee with a wage notice, as well as 250 dollars for each workweek defendant failed to provide the

employee with a wage statement, not to exceed a total of 5,000 dollars for each violation,

together with costs and reasonable attorney's fees in accordance with NYLL § 198.

56.      Defendants' violation of NYLL was intentional and willful.  Defendants knew or

should have known that the practices described above were unlawful.

57.      Defendants failed to make a good faith effort to comply with state wage laws.


## SIXTH CAUSE OF ACTION
### NYLL- Retaliation

58.      Defendants discharged plaintiffs for participating in a New York State

Department of Labor investigation in violation of NYLL Art. 7 §215.

59.      As a result of defendants' violations of NYLL Art. 7 §215, plaintiffs are entitled

to receive liquidated damages in an amount not to exceed $20,000, costs, and attorney's fees.

60.      Defendants' violation of NYLL was intentional and willful.  Defendants knew or

should have known that the practices described above were unlawful.

Defendants failed to make a good faith effort to comply with state wage laws.

## SEVENTH CAUSE OF ACTION
### FLSA- Retaliation

61.      Defendants discharged plaintiffs for participating in a New York State

Department of Labor investigation in violation in violation of FLSA §15(a)(3).

62.      As a result of defendants' violation of FLSA §15(a)(3), plaintiffs are entitled to

remedies including lost wages and liquidated damages.

63.      Defendants' violation of the FLSA was intentional and willful.  Defendants knew

or should have known that the practices described above were unlawful.

64.      Defendants failed to make a good faith effort to comply with the FLSA.

## PRAYER FOR RELIEF

   **WHEREFORE**, plaintiffs seek the following relief:

A.      Unpaid wages and overtime pay, and an additional and equal amount as liquidated

       damages pursuant to the FLSA;

B.      Unpaid wages and overtime pay, and an additional and equal amount as liquidated

       damages pursuant to the NYLL;

C.      50 dollars for each day that defendant failed to provide a Wage Notice in violation

       of NYLL § 195(1), or a total of 5,000 dollars, as provided for by NYLL Article 6

       § 198(1)-d;

D.      250 dollars for each workweek that defendant failed to provide a wage statement

       in violation of NYLL § 195(3), or a total of 5,000 dollars, as provided for by

       NYLL Article 6 § 198(1)-b;

E.      Liquidated damages for retaliation pursuant to NYLL Article 7 §215(2)(a);

F.      Lost wages and liquidated damages for retaliation pursuant to FLSA §15(a)(3);

G.      Appropriate equitable and injunctive relief to remedy violations, including but not

       limited to, an order enjoining defendant from continuing their unlawful practices;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Reasonable attorney's fees, costs, and expenses; and

J.      Such other relief as this Court shall deem just and proper.


Dated: Yonkers, New York
       November 18, 2016

Respectfully submitted,


_____/S/_____
Amanda Bransford, Esq.

**EMPIRE JUSTICE CENTER**
Amanda Bransford
30 S. Broadway, 6th Floor
Yonkers, NY 10701
(914) 595-0910
abransford@empirejustice.org

Peter Dellinger
1 West Main Street #200
Rochester, NY 14614
(585) 295-5811
abransford@empirejustice.org