## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

Maria Gomez, residing at 103 2nd Street, New Rochelle, New York 10801, on her own behalf and on behalf of her heirs, executors, administrators, successors and assigns ("Gomez"), in consideration of and upon receipt of the total sum of $10,000 to be paid to her by certified checks as more fully explained herein, and other good and valuable consideration, does hereby release and discharge Suresh Nair and Suresh & Sooraj Corp. d/b/a Express Deli located at 330 Huguenot St, New Rochelle, NY 10801  (hereinafter collectively referred to as "Suresh"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, bonds, specialties, contracts, covenants, controversies, agreements, promises, variances, trespasses, judgments, damages, executions, claims and demands related to the payment of compensation, wages and wage and notice related recordkeeping, under common, equitable, federal, state or local law, whether asserted or which may have been asserted, related to or arising from her work performed at the Express Deli, located at 330 Huguenot Street, New Rochelle, NY 10801, or the facts which gave rise to a civil action filed by her as a plaintiff entitled "Maria Gomez and Anayanzy Patino Ferreyra v. Suresh & Sooraj Corp.  d/b/a Express Deli and Suresh Nair." in the United States District Court, Southern District of New York, Index No. 16 CV 09006 (LMS) (the "Action") from the date she commenced work with Suresh until the date of this release.

Suresh, in consideration of other good and valuable consideration, releases and discharges Maria Gomez from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, bonds, specialties, contracts, covenants, controversies, agreements, promises, variances, trespasses, judgments, damages, executions, claims and demands under common, equitable, federal, state or local law, and whether known or unknown, or whether

asserted or which may have been asserted, related to or arising from the work  of Maria Gomez, or the facts which gave rise to the civil action filed by Maria Gomez as a plaintiff, entitled <u>Maria Gomez and Anayanzy Patino Ferreyra v. Suresh & Sooraj Corp.  d/b/a Express Deli and Suresh Nair.</u>" in the United States District Court, Southern District of New York, Index No. 16 CV 09006 (LMS) from the date Gomez commenced work with Suresh until the date of this release.

This Mutual Release and Settlement Agreement ("Agreement") is subject to the following additional terms and conditions:

1.  Suresh agrees to pay Gomez $2,500 by certified check within ten days of the court's approval of this Agreement.  This sum shall be considered payment of Fair Labor Standards Act liquidated damages and reported by Suresh to the Internal Revenue Service on Form 1099.

2.  Suresh agrees to pay Gomez an additional $8,151 in payment for work performed by certified check within 270 days (approximately nine months or sooner) from the date of the court's approval of this Agreement.  This sum shall also be reported to the Internal Revenue Service on Form 1099.

3. Suresh agrees to pay the Empire Justice Center a total of $4,000 by certified check constituting the full amount of plaintiffs' attorney fees awarded in this case under the Fair Labor Standards Act within 270 days (approximately nine months or sooner) from the date of the court's approval of this mutual release and settlement agreement.  Suresh is obligated to make said $4,000 payment under this settlement agreement and a settlement agreement for the other plaintiff in the Action.  The reference to this $4,000 payment in each of the two settlement agreements shall not be construed as obligating Suresh to make two $4,000 payments, but shall only be construed as referring to a single $4,000 payment which will cover the total award of attorney fees for both of the plaintiffs.

4.      If, for any reason, Suresh is unable to make any of the payments required pursuant to Paragraph 1, Paragraph 2 or Paragraph 3 of this Agreement, this Agreement shall be declared void and the case "Maria Gomez and Anayanzy Patino Ferreyra v. Suresh & Sooraj Corp.  d/b/a Express Deli and Suresh Nair." in the United States District Court, Southern District of New York, Index No. 16 CV 09006 (LMS) shall be restored to the court's docket as an active case.

5.  Gomez agrees that she will not, whether directly or indirectly, by name or innuendo, disparage or encourage or induce others to disparage Suresh.  Likewise, Suresh agrees that they will not, whether directly or indirectly, by name or innuendo, disparage or encourage or induce others to disparage Gomez.  For the purposes of this Agreement, the term "disparage" includes the making of negative, false, defamatory or derogatory comments that could reasonably be expected to damage the reputation of the Suresh or Gomez; provided, however, that nothing in this Agreement shall restrict communications protected as privileged under federal or state law to testimony or communications ordered and required by a court or an administrative agency of competent jurisdiction.  Notwithstanding the agreement of the parties to refrain from disparagement of each other, any party is allowed to make truthful statements related to or concerning the Action.

6.  Providing all the terms of this Agreement and the payments to Gomez and the Empire Justice Center as described herein are timely made, this Agreement is being entered into in anticipation of the amicable resolution of all matters and to avoid further needless legal costs and expenses as well as in recognition of the uncertainties inherent in any litigation.  The parties expressly acknowledge that this Agreement, including the payments and any other consideration

provided, has been entered into solely to resolve disputed claims and to avoid the inconvenience and expense of resolving this dispute in court.

7.   The parties will execute and cause to be filed a stipulation of settlement and/or order of dismissal of the Action with prejudice, and with all rights of appeal waived, upon receipt of all payments required pursuant to the terms of this Agreement.

8.   The settlement payments will be delivered by Suresh to Peter Dellinger, Esq. at Empire Justice Center, 1 West Main Street, Suite 200, Rochester, NY 14614, in accordance with the payment schedule described herein.

9. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, successors, and/or assigns.

10.  This Agreement shall be deemed to have been drafted by both parties so that no provision shall be construed against either party.

11.  No provision in this Agreement may be waived except by a writing signed by both parties.  Waiver of one provision of this Agreement shall not be deemed a waiver of any other provision.

12.  If any court of competent jurisdiction shall deem any provision of this Agreement void or unenforceable, it shall be deemed severed and shall not affect the remaining provisions, which shall continue in full force and effect without regard to the severed provision.

13.  This Agreement shall be governed and construed in accordance with the laws of New York, without regard to conflict of laws principles.

14.  The persons whose names appear below as signatories state and acknowledge that they are duly authorized agents of the parties, if applicable, have carefully read this document, or have it read to them, and have had the opportunity to consult with an attorney of their choice, and sign

the same of their own free will.  The parties are fully aware of the content and legal effect of this

Agreement, and enter into the Agreement freely, without coercion and based on their own

judgment and based on the advice of their own attorneys, and not in reliance upon representations

or promises made by anyone else other than those expressly contained in this Agreement.

15.  If any action at law or in equity is brought in the future to enforce or interpret the terms of

this Agreement, the prevailing party shall be entitled to recover, prior to trial, at trial and on

appeal, reasonable attorneys' fees, costs and disbursements, in addition to any other relief that may

be granted.

16.  This Agreement may be executed in two or more counterparts.  An electronic or facsimile

signature shall be sufficient to bind a party.

17. All of the foregoing constitutes the entire understanding and agreement between and

among the parties hereto as to the matters set forth herein and supersedes and replaces all prior

understandings and agreements, whether oral or written, in connection with the matters set forth in

this Agreement.

18. By entering into this Agreement and making the payments required pursuant to this

Agreement, Defendants Suresh Nair and Suresh & Sooraj Corp. d/b/a Express Deli do not admit

any liability.

WHEREFORE, the parties have executed this Agreement this ___ day of July, 2017.


_____
Maria Gomez

STATE OF NEW YORK                  )
                                   ) ss
COUNTY OF                          )

On the 2nd day of June 2017, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Maria Gomez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing MUTUAL RELEASE AND SETTLEMENT AGREEMENT and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the entities upon the behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in City/Town/Village of _____, State of New York.

                                                        _____
                                                        Notary Public

My commission expires:

_____


                            Declaration of Translation


        I, _____, hereby state that I am fluent in the English and Spanish Languages.  I orally translated the accompanying Mutual Release and Settlement Agreement from English to Spanish and read this document in Spanish to Maria Gomez on July _____,  2017.  When I finished translating this document, Maria Gomez voluntarily signed it.


_____              _____
Date                                               Signature of Translator

STATE OF NEW YORK                  )
                                   ) ss
COUNTY OF                          )


On the ____day of July, 2017, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the Declaration of Translation  the individual executed the instrument, and that such individual made such appearance before the undersigned in the City/Town/Village of  _____, State of New York.

                                                        _____
                                                        Notary Public

My commission expires:

_____

_____
Suresh & Sooraj Corp d/b/a Express Deli
By:

STATE OF NEW YORK            )
                             ) ss
COUNTY OF WESTCHESTER        )


On the _____ day of July 2017, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City/Town/Village of _____, State of New York.


_____
Notary Public

My commission expires:


_____



_____
Suresh Nair

STATE OF NEW YORK            )
                             ) ss
COUNTY OF                    )

On the _____ day of July 2017, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City/Town/Village of _____, State of New York.

_____
Notary Public

My commission expires:


_____